UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**SUSAN SINGLETON**
        Plaintiff

**v.**                                                          **No. 5:08CV-00182-J**

**MICHAEL ASTRUE**
        Commissioner of Social Security
        Defendant

**MAGISTRATE JUDGE'S REPORT
and RECOMMENDATION**

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by Donna Thornton-Green. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 10 and 11, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on September 17, 2007, by administrative law judge (ALJ) Kathleen Thomas. In support of her decision denying Title II and Title XVI benefits, Judge Thomas entered the following numbered findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since September 20, 2004, the alleged onset date (20 CFR 404.1520(b), 404.1571 et seq., 416.920(b) and 416.971 et seq.).

3. The claimant has the following severe impairments: chronic pain in multiple sites, mood disorder and pain disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.   After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry ten pounds frequently and 20-25 pounds occasionally.  She must avoid kneeling, climbing, and squatting, but can frequently bend from the waist.  She can sit without limitations but should be given the opportunity to change her positions after standing or walking for 30 minutes.  Standing and walking can be done at least a combined total of two hours in an eight hour workday.  In addition, she could only occasionally interact with coworkers, supervisors and the public and would best be restricted to low stress, simple jobs.

6.   The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.   The claimant was born on August 9, 1962 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.   The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.   Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a findings that the claimant is "not disabled," whether or not the claimant has transferable job skills (20 CFR 404.1563 and 416.963).

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11.  The claimant has not been under a disability, as defined in the Social Security Act, from September 20, 2004 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Administrative Record (AR), pp. 14-21).

### Governing Legal Standards

1.   The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision.  42 U.S.C. § 405(g), sentence four.  In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching his decision.  *Richardson v. Perales*, 402 U.S. 389 (1971).  Substantial

evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2.   To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act. To qualify for supplemental security income (SSI) benefits, a claimant must file a Title XVI application, must have insufficient earnings and other financial resources, and must be under a disability as defined by the Act. The determination of disability is essentially the same for Title II and Title XVI purposes.

3.  Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe."  A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that  are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's  ability  to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985).  Any physical or mental impairment that has more than a de minimis, or significant, effect on the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3.  In addition,  the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R.  §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a prima facie showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy  that  the claimant  can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990).  The focus of judicial review in Step #5 cases is typically whether

the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

### Discussion

The plaintiff is a registered nurse. She has suffered work-related injuries, including being attacked and beaten by a patient. At the conclusion of the administrative hearing held on March 13, 2007, the ALJ expressed concerned about the plaintiff's allegation of suicidal ideation. Accordingly, the ALJ left the record open to obtain a consultative psychological examination. On March 30, 2007, the plaintiff was examined by licensed psychological practitioner, Susan Phelps, M.S. Ms. Phelps' narrative report and completion of the standard mental assessment form are at AR, pp. 381-390. Ms. Phelps found that the plaintiff has a mood disorder and chronic pain disorder associated with injuries to both knees and her wrists that affects her concentration, stress tolerance, decision making, and social interactions (AR, p. 388). In her written decision, the ALJ gave Ms. Phelps' opinions "great weight" (AR, p. 16). In June of 2007, the ALJ submitted interrogatories to a vocational expert (VE). The questions and answers are at AR, pp. 146-147.

This case was denied at the fifth and final step of the sequential evaluation process based upon the VE's responses to post-hearing interrogatories. The VE opined that an individual with the limitations stated in Finding No. 5, supra, would retain the ability to perform a significant number of jobs in the national economy (AR, p. 146). Unless the plaintiff points the court to probative evidence in the administrative record of an additional, vocationally significant limitation not contemplated by the vocational hypothetical (i.e., Finding No. 5), which the ALJ was obliged to accept, the court should affirm the ALJ's decision in light of the VE's testimony. See *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987). The plaintiff has identified no such evidence. Therefore, we shall recommend an affirmance of the Commissioner's final decision.

The plaintiff argues that Ms. Phelps' assessment reflects that she suffers from mental limitations in excess of those stated in Finding No. 5.  In completing the standard mental assessment form, Ms. Phelps found that the plaintiff is "mildly" limited in all functional areas except that she is "moderately" restricted in the following areas (AR, pp. 388-389):

1. Carry out simple and complex instructions.

2. Interact appropriately with the public, supervisors, and co-workers.

3. Respond appropriately to usual work situations and to changes in a routine work setting.

In light of these findings by Ms. Phelps, which the ALJ purported to accept, the magistrate judge concludes that the dispositive issue is whether the ALJ fairly translated and incorporated said findings into her RFC Finding No. 5, which was given to the VE and formed the basis of the ALJ's ultimate denial decision.  The plaintiff's position is that Finding No. 5 unfairly "minimized" her mental limitations as described by Ms. Phelps.

For the following reasons, the magistrate judge concludes that the plaintiff's argument is unpersuasive and that Finding No. 5 adequately summarized and took into account Ms. Phelps' opinions as a whole:

1. Whereas Ms. Phelps found that the plaintiff has various "moderate" restrictions, the ALJ found that she is limited to performance of certain activities on only an "occasional" basis.

2. The form completed by Ms. Phelps defines a "moderate" limitation as "more than a slight limitation in this area but the individual is still able to function satisfactorily."  In Social Security disability cases, "occasional" is a term of art meaning "occurring from very little up to one-third" of the workday.  Social Security Ruling (SSR) 83-10.

3.   The undersigned concludes that a logical way to accommodate Ms. Phelps' finding that the plaintiff is "satisfactorily" able to interact appropriately with the public, supervisors, and co-workers was the ALJ's restriction of the plaintiff to interaction with the public, supervisors, and co-workers for no more than one-third of the workday.

4.   Ms. Phelps found that, although the plaintiff is capable of understanding, remembering, and making judgments with respect to even complex instructions, her ability to actually carry them out is "moderately" limited (AR, p. 388).  The ALJ's finding that the plaintiff must be restricted to low stress, simple jobs fairly incorporated Ms. Phelps' finding.

5.   At step five of the sequential evaluation process, the Commissioner carries a burden of going forward with evidence of non-disability.  The undersigned concludes that Finding No. 5 was a good-faith attempt by the ALJ to summarize the plaintiff's vocationally significant mental limitations and that the VE's answers to interrogatories premised thereupon adequately satisfied the Commissioner's burden in this regard.  Furthermore, the record reflects that the plaintiff was given a fair opportunity to propose alternative questions to the VE, but apparently chose not to do so (AR, pp. 148-149).

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court.  Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections.  A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a de novo review of objections that are general, conclusory, or merely adopt previous pleadings.  The original objections shall be sent to the Clerk of Court either electronically or by mail.  A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov.  Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party.  *Thomas v. Arn*, 474 U.S. 140 (1985).